UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAVISH LAVISH,

      Petitioner,

      v.

SERGIO ALBARRAN, et al.,

      Respondents.

No. 1:26-cv-00790-TLN-SCR

**ORDER**

This matter is before the Court on Petitioner Lavish Lavish's ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On January 30, 2026, the Court granted Petitioner's motion for a temporary restraining order ("TRO") and ordered his immediate release.  (ECF No. 7.)  The Court ordered Respondents to show cause why this Court should not issue a preliminary injunction requiring Respondent to continue to abide by this Court's TRO.  (*Id.*)  On February 5, 2026, Respondents filed a response in which Respondents indicate they do not oppose converting this Court's TRO into a preliminary injunction and are amendable to the Court ruling on the petition for writ of habeas corpus.  (ECF No. 9.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 1.)

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a 20-year-old native and citizen of India.  (ECF No. 1 at 4.)  Petitioner

1

entered the United States on May 24, 2023.  (*Id.*)  After entry, Petitioner was encountered by immigration authorities, placed in immigration proceedings and released on his own recognizance.  (*Id.*)  Since his release, Petitioner has abided by the conditions of his release and filed an application for asylum and withholding of removal, which is currently pending.  (*Id.*)  Despite Petitioner's compliance, he was detained during a routine check-in on September 16, 2025.  (*Id.* at 5.)

On January 29, 2026, Petitioner filed a petition for writ of habeas corpus.  (ECF No. 1.)  Petitioner challenges his detention as violating his due process rights.  (*Id.* at 12–14.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see*

2

*Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a) Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

Here, the Court finds Petitioner has a protectable liberty interest. *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"). Petitioner was released on his own recognizance. (ECF No. 1 at 4.) Petitioner was out of custody for over two years, built a life in the United States, and complied with all his reporting obligations. (*Id.* at 4–5.) As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

3

Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(2) does not bear on this Court's analysis. The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3(E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Respondents put forth no compelling argument to the contrary.

### b)  Procedural Due Process

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest – Petitioner was out of

custody for over two years.  The time Petitioner has spent in the United States, as well as his established relationships, create a powerful private interest in Petitioner's continued liberty.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here to be considerable.  The risk of an erroneous deprivation of Petitioner's liberty interest is high where he has received virtually no procedural safeguards such as a bond or custody redetermination hearing.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  This is particularly so where, as here, Petitioner has no criminal history and has complied with the conditions of his release.  (ECF No. 1 at 4–5); *see R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community.").

As to the third *Mathews* factor, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible.  *R.D.T.M.*, 2025 WL 2686866 at *6.  Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the government's interest is further diminished here where Petitioner was already found appropriate for release, has complied with the conditions of his release, and has no criminal history.  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions.").  *Hernandez*, 872 F.3d at 994.

The Court therefore finds Petitioner's re-detention without a hearing violates due process. The Court GRANTS Petitioner's petition for writ of habeas corpus.  (ECF No. 1).

**IV.   CONCLUSION**

IT IS HEREBY ORDERED:

1.     Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

2.     Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) Respondents show there are material changed

5

circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have his counsel present.

        3.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

        IT IS SO ORDERED.

Date: February 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE